UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| JAMES H. HUNDLEY, JR., <br>     Plaintiff, <br><br> v. <br><br> WAYNE SALISBURY and WILLIAM DEVINE, in their individual and official capacities, <br>     Defendants. | C.A. No. 23-cv-135-JJM-PAS |

ORDER

I.    BACKGROUND

James H. Hundley, Jr, an inmate at the Rhode Island Department of Corrections ("RIDOC"), brings a Section 1983 action against RIDOC Acting Director, Wayne Salisbury, and its Warden, William Devine.  Mr. Hundley alleges that he was splashed with extremely hot water while filling a bowl from a faucet, resulting in second-degree burns to his forearm.  He asserts that there was no safe place to put his bowl, and no warning of the high temperature of the water.  ECF No. 1.

The Defendants move to dismiss the claims for damages against them in their official capacity; and to dismiss all claims against them in their individual capacity for failure to state a claim.  ECF No. 10.  Mr. Hundley objects.  ECF No. 12.  Mr. Hundley also moves to amend his Complaint and to appoint counsel.  ECF Nos. 13, 19.  Defendants object to both motions.  ECF Nos. 17, 21.

## II. STANDARD OF REVIEW

When the Court reviews a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it accepts all plaintiff's factual allegations as true to decide whether they "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court may not consider "conclusory legal allegations." *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 53 (1st Cir. 2013) (citing *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)). Additionally, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996) (citations omitted).

## III. DISCUSSION

### A. Claims for Damages Against the Defendants in Their Official Capacity

Damages under Section 1983 cannot be obtained against individuals in their official capacity. *Wilson v. Brown*, 889 F.2d 1195, 1197 (1st Cir. 1989) ("Since [the plaintiff] clearly sued [the Warden] in his official capacity of Warden . . . asking for monetary damages rather than for injunctive relief, [plaintiff] has no cognizable claim under § 1983."). A warden is a state official for the purposes of Section 1983. *Id*. *See also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 68 (1989) (state officials acting in their official capacities are not "persons" within the meaning of § 1983 and cannot be sued for damages). Therefore, we GRANT the Defendants' Motion to Dismiss Mr. Hundley's claims for damages against the two Defendants their official capacity,

limiting Mr. Hundley to injunctive relief. ECF No. 1 ("I would also like for changes to be made to ensure [safety].").

### B. Claims Against the Defendants in Their Individual Capacity

Mr. Hundley also sues Mr. Salisbury and Mr. Devine in their individual capacity for allegedly failing to remedy a dangerous situation, seeking damages and injunctive relief. ECF No. 1. RIDOC makes four arguments for why the Court should dismiss these claims under Rule 12(b)(6): failure to state a proper claim for supervisory capacity; failure to allege a plausible Eighth Amendment claim; failure to allege a constitutional substantive due process claim; and qualified immunity.

#### 1. Supervisory Capacity

The Defendants are correct that there is no respondeat superior liability under Section 1983. *Penate v. Hanchett*, 944 F.3d 358, 367 (1st Cir. 2019) ("Supervisors cannot be held liable under a theory of respondeat superior") (citations omitted). But supervisors can be held liable for their "direct acts or omissions . . . or from indirect 'conduct that amounts to condonation or tacit authorization.'" *Rodriguez-Garcia v. Mun. of Caguas*, 495 F.3d 1, 10 (1st Cir. 2007) (citing *Whitfield v. Melendez-Rivera*, 431 F.3d 1, 14 (1st Cir. 2005), *abrogated on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009)). A supervisor who did not directly participate in a constitutional violation may still be liable if his action was "*affirmatively linked*" such that it could be characterized as "'supervisory encouragement, condonation or acquiescence,' or 'gross negligence . . . amounting to deliberate indifference.'" *Whitfield*, 431 F.3d at 14 (citations omitted, emphasis in original).

Mr. Hundley has set forth a plausible claim that the supervisors may have direct liability, not vicarious. Mr. Hundley alleges that Defendants "didn't establish safety mechanisms at the medium security to ensure the safety of the inmates . . . [i]n fact, they established a dangerous environment." ECF No. 1 at 4-6 (citing lack of signage). Mr. Hundley states that he heard "stories of other inmates that was burned also by this extremely hot water. Due to the history of other inmates being burned in similar ways . . . indicates that the defendants obviously knew of the dangers and failed to do anything about it." *Id.* at 6. At the pleading stage, Mr. Hundley has met his burden to show a direct claim against both Defendants.

   2. *Eighth Amendment*

Mr. Hundley asserts that the Defendants violated his right under the Eighth Amendment to the U.S. Constitution to be free from cruel and unusual punishment. "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). Specifically, prison officials must "take reasonable measures to guarantee the safety of the inmates." *Id.* (citing *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). To sustain an Eighth Amendment claim, Mr. Hundley must allege that the conditions of his confinement that purportedly violated his rights were objectively serious (i.e., posing a "substantial risk of serious harm"); and that the Defendants had a "deliberate indifference to [an inmates'] health or safety." *Farmer*, 511 U.S. at 834 (internal citations and quotations omitted).

4

Even though the standard for establishing an Eight Amendment violation is high, Mr. Hundley, a self-represented plaintiff, has sufficiently pleaded an Eighth Amendment claim. He claims that the Defendants knew about this dangerous condition and yet did nothing about it. He also alleges that he suffered serious harm as a result in terms of second-degree burns and permanent scarring on his left arm. ECF No. 1 at 4-5. At the pleading stage, this claim survives the Defendants' Motion to Dismiss.

### 3. Fourteenth Amendment

Mr. Hundley believes he was deprived of a lack of due care from the Defendants, who should have protected him against and/or warned him of the extremely hot temperature of the water coming from the faucet. ECF 1 at 4-6. He alleges that Defendants acted "negligently or recklessly" in failing to remedy the situation, either by keeping the water temperature too high, failing to warn of the hot water, failing to install a place for bowls to be set down under the faucet, or locating the water basin too closely to the faucet (as examples of how this protected liberty interest was violated). *Id.*

Because Mr. Hundley is currently incarcerated, we view this case under the Eighth Amendment, not the Due Process Clause. *See Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998) ("[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide.") (citing *Albright v. Oliver*, 510 U.S. 266, 273 (1994),

*denying rehearing*, 510 U.S. 1215 (1994)). Mr. Hundley is not a pretrial detainee and has plausibly alleged an Eighth Amendment claim challenging the conditions of his confinement. *Burrell v. Hampshire Cnty.*, 307 F.3d 1, 7 (1st Cir. 2002) (pretrial detainees are protected under the Fourteenth Amendment, not the Eighth, but the "deliberate indifference" standard applies to either claim). For these reasons, we GRANT Defendants' Motion to Dismiss the substantive due process claim.

    4. *Qualified Immunity*

Finally, the Defendants assert that the claims against them should be dismissed because they are entitled to qualified immunity. "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (citation omitted). The singular basis to support the Defendants' claim for qualified immunity is that Mr. Hundley "has failed to allege State Defendants violated his Eighth or Fourteenth Amendment rights regarding the alleged 'dangerous condition' of the hot water spigot, and therefore, his Complaint fails to allege that State Defendants violated any clearly established constitutional right such that State Defendants are not entitled to qualified immunity." ECF No. 10-1 at 12. But as stated above, the Court has found that the treatment Mr. Hundley received in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. This is clearly established law as set forth by the United States Supreme Court. See *Farmer*, 511 U.S. at 832. At the pleading stage, these claims are not barred by qualified immunity.

### C. Motion to Amend

Mr. Hundley moves under Fed. R. Civ. P. 15 to amend his Complaint to add Jason A. Butterworth as a defendant. ECF No. 13. He says that he has just determined the full name of the correctional officer that worked in the area where his injuries occurred. The Defendants object, arguing that he fails to state a claim upon which relief can be granted. ECF No. 17. They argue that because Mr. Hundley has failed to articulate a constitutional injury, the amendment is futile. *Id.* Because the Court has ruled that Mr. Hundley has properly alleged an Eighth Amendment claim, the Defendants' objection is not well-taken. The Court GRANTS Mr. Hundley's Motion to Amend his Complaint. ECF No. 13.

### D. Motion to Appoint Counsel

Finally, Mr. Hundley ask the Court to appoint him counsel. ECF No. 19. The Defendants object. ECF No. 21. Because the Court has limited resources available to locate counsel to take a pro bono appointment, the Court generally reserves appointment for cases that are, at a minimum, complex. Mr. Hundley has presented a straightforward factual and legal case and to date has represented himself well. The Court therefore DENIES without prejudice Mr. Hundley's Motion to Appoint Counsel but will reconsider if this matter is scheduled for trial.

## IV. CONCLUSION

The Court GRANTS IN PART AND DENIES IN PART Defendants' Motion to Dismiss, dismissing the Fourteenth Amendment claim and claims for damages against individuals in their official capacity, but allowing the Eighth Amendment claim to proceed against Defendants in an individual capacity. ECF No. 10. The Court GRANTS the Motion to Amend and joins Mr. Butterworth as a defendant on all remaining claims. ECF No. 13. The Court DENIES without prejudice the Motion to Appoint Counsel. ECF No. 19.

IT IS SO ORDERED.

*s/ John J. McConnell Jr.*
_____
John J. McConnell, Jr.
Chief United States District Judge

December 5, 2023