UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES H. HUNDLEY, JR., | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 23-135JJM |
| | : | |
| WAYNE SALISBURY, et al., | : | |
|     Defendants. | : | |

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

*Pro se* Plaintiff James H. Hundley, Jr is a prisoner in the custody of the Rhode Island Department of Corrections ("RIDOC"). In his Amended Complaint (ECF No. 26), Plaintiff claims that RIDOC officials and a RIDOC correctional officer, acting with deliberate indifference to inmate safety, violated his rights under the Eighth Amendment by maintaining a dangerous hot water spigot with no warning sign that caused him to be burned. Defendant Jason A. Butterworth, the correctional officer, has filed a motion to dismiss (ECF No. 32) the claims against him in his individual capacity pursuant to Fed. R. Civ. P. 12(b)(6) for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). The motion was referred to me for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Based on my discussion of this motion with the parties during a status conference held on May 22, 2024, I am issuing my report and recommendation without opposition pursuant to my suggestion that Plaintiff need not file an opposition.

**I.    Standard of Review**

To survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a complaint on its face must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Thus, a plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and it must show "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.  When determining a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court normally may not consider anything outside of the complaint, except for material that is expressly incorporated in the complaint, unless the court first converts the motion into one for summary judgment.  Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001); see Fed. R. Civ. P. 12(d).

## II.     Background, Law and Analysis

Plaintiff's pleading alleges that he complied with the statutory exhaustion requirement by filing a grievance, but that RIDOC never responded to it based on which he did not pursue an internal appeal.  ECF No. 26 at 10.  Despite this pleading, Correctional Officer Butterworth asks the Court to dismiss the Amended Complaint (ECF No. 26) because Plaintiff failed properly and completely to exhaust administrative remedies.  In support, Defendant Butterworth's motion asks the Court to take judicial notice of an Affidavit from RIDOC's grievance coordinator averring that RIDOC has no record of Plaintiff's grievance.  ECF No. 32-4 ¶¶ 4-6.  He also asks the Court to take judicial notice of its policies, which permit an inmate to file a "Level 2" appeal even if an initial grievance has been ignored.  ECF Nos. 32-2; 32-3.  Defendant Butterworth also argues that, even if Plaintiff did file an initial grievance, the Amended Complaint's admission that he failed to pursue an internal appeal requires the Court to dismiss the claim based on the failure properly to exhaust.  Defendant Butterworth relies on cases from outside the District of Rhode Island in which the failure to exhaust is apparent on the face of the complaint.  Flores-Moret v. Warden Institucion Bayamon 501, Civ. No. 22-01377 (MAJ), 2024 WL 382648, at *3 (D.P.R.

Feb. 1, 2024) (case dismissed based on claimant's "concession that he did not exhaust all the administrative remedies, given the purported impossibility of doing so"); Sergentakis v. Channell, 272 F. Supp. 3d 221, 227 (D. Mass. 2017) ("complaint here makes clear that [plaintiff] has failed to exhaust his administrative remedies before filing suit").  Defendant Butterworth also cites one case from the District of Puerto Rico in which the court accepted an attestation from the Commonwealth to support the granting of a motion to dismiss that the claimant had not opposed. Figueroa Rivera v. P.R., 609 F. Supp. 2d 205, 207 (D.P.R. 2009) ("Commonwealth of Puerto Rico has attested to the fact that Plaintiff did not exhaust administrative remedies as required by the PLRA.  Even though Plaintiff claimed in his complaint that he did exhaust administrative remedies, he has failed to provide any evidence of such exhaustion.").  Defendant Butterworth cites no case from this district that dismisses a case for failing to exhaust based on the inmate's failure to bring a Level 2 appeal.

It is well-settled that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaint." Jones v. Bock, 549 U.S. 199, 921 (2007).  In light of this principle, this Court has rejected a motion to dismiss a complaint at the Fed. R. Civ. P. 12(b)(6) phase despite the claimant's admission (in the complaint) that he failed properly to exhaust his administrative remedies pursuant to RIDOC's grievance procedure.  Clay v. Wall, C.A. No. 17-506-WES, 2018 WL 4688307, at *3-5 (D.R.I. Sept. 28, 2018) (denying motion to dismiss for failure to exhaust when complaint alleged that failure was caused by RIDOC's "process of continued intimidation and threats").  As in Clay, the Amended Complaint in this case similarly alleges that Plaintiff took steps in an attempt to prosecute a grievance and exhaust available administrative remedies but was deterred from going to the second level by the fact that his initial grievance was completely

ignored. Read with appropriate *pro se* leniency, I find that this is more than sufficient at the pleading phase. See Maraglia v. Maloney, C.A. No. 2001-12144-RBC, 2006 WL 3741927, at *6 (D. Mass. Dec. 18, 2006) (finding that "dispute of fact remains on whether the internal appellate process was indeed 'available' to [plaintiff], and that the record requires further development on this point").

To overcome the facial adequacy of the Amended Complaint, Defendant Butterworth asks the Court to look outside the four corners of the pleading. To that extent, this motion to dismiss transgresses the well-settled proposition that, in connection with a Fed. R. Civ. P. 12(b)(6) motion, "[o]rdinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." Little Kids, Inc. v. 18th Ave. Toys, Ltd., C.A. No. 18-533WES, 2020 WL 7264267, at *13 (D.R.I. Dec. 10, 2020), adopted sub nom. Little Kids, Inc. v. 18th Ave. Toys, C.A. No. 18-533 WES, 2021 WL 124241 (D.R.I. Jan. 13, 2021). In this case, conversion is not appropriate because Defendant Butterworth has specifically informed the Court that he is <u>not</u> asking for his motion to be converted to a Fed. R. Civ. P. 56 motion for summary judgment. ECF No. 32-1 at 5. In such circumstances, it is not appropriate for the Court to consider RIDOC's Affidavit or other attachments at this phase of the case. Medina v. Rudman, 545 F.2d 244, 247 (1st Cir. 1976) ("affidavits filed by the parties" may not be considered without converting to a motion for summary judgment); see Clay, 2018 WL 4688307, at *3 n.4 (affidavit of RIDOC grievance coordinator may not be considered on motion brought pursuant to Fed. R. Civ. P. 12(b)(6)).

Based on the foregoing, I recommend that the Court deny the motion to dismiss as premature. The issue of the adequacy of Plaintiff's exhaustion as a matter of law is an issue that

requires a developed record to be presented, perhaps at the summary judgment phase of the case or at trial.  See Perfetto v. N.H. State Prison,Warden, Civil No. 06-307-JL, 2008 WL 943372, at *6 (D.N.H. Apr. 8, 2008) (granting summary judgment after finding that "[o]ther than [plaintiff's] bare assertions, there is nothing in the record to suggest that he was denied access to the [grievance] forms or dissuaded to a degree that effectively made administrative remedies unavailable to him").

Before closing, I pause to note that the Amended Complaint alleges only that Defendant Butterworth appropriately assisted Plaintiff in procuring medical treatment after he was burned.  ECF No. 26 at 1-2.  To that extent, the Court might question whether Plaintiff's pleading against this Defendant is subject to dismissal because it lacks plausible facts sufficient to support a claim of a constitutional deprivation committed by Correctional Officer Butterworth.  However, the Court allowed Plaintiff's motion to add Correctional Officer Butterworth despite a futility argument based on the paucity of the pleading, Hundley v. Salisbury, C.A. No. 23-cv-135-JJM-PAS, 2023 WL 8449452, at *3 (D.R.I. Dec. 5, 2023), and, as of this writing, Defendant Butterworth has not challenged his joinder for failure to state a claim pursuant to Twombly/Iqbal.  Further, it remains conceivable that discovery may reveal facts to support an Eighth Amendment claim against Correctional Officer Butterworth.  Under such circumstances and mindful of Plaintiff's *pro se* status, despite the discussion during the May 22, 2024, conference, I do not find that a *sua sponte* recommendation of dismissal is appropriate at this time.

**IV.     Conclusion**

I recommend that Defendant's motion to dismiss (ECF No. 32) be DENIED.  Any objections to this report and recommendation must be specific and must be served and filed with

the Clerk of the Court within fourteen days of service of this report and recommendation. See Fed. R. Civ. P. 72(b); DRI LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See Brenner v. Williams-Sonoma, Inc., 867 F.3d 294, 297 n.7 (1st Cir. 2017); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
June 7, 2024